McFarland, J.,
delivered the opinion of the court.
. This is an action of ejectment. The plaintiffs failed to recover and have appealed in error.
They claim title as the heirs of John Martin, who died in 1851.
They proved that his father, James Martin, who died some thirty or thirty-five years ago, was in possession of the land for about that time.
They introduced a deed from James to John Martin, dated August 3, 1838, for fifty-five acres of land included in the declaration, and they proved that John Martin was in possession of this land for ten or twelve years previous to his death, claiming it as his own.
They also offered in evidence a deed of. gift from James to John Martin, dated in March, 1835, con *669 veying an equal half of a tract of one hundred and forty acres, which is described as the tract said James Martin then lived on, purchased of Richard Hightower, which half is to be taken off, so as to make both divisions of equal value as nearly as practicable.
This deed was proved to have been found among the valuable papers of John Martin after his death, but was not witnessed, had never been registered, and upon objection, it was excluded by the court, no proof being offered of its execution.
This was the plaintiff’s case.
The defendants read a deed from John H. Martin to Nathan Pryor, dated August 13, 1851, and proved an adverse possession .of the land in controversy from 1851 until the death of Nathan Pryor, in 1861 or 1862, and by his widow, who is one of the defendants, and his children, up to the commencement of this action, October 9, 1871.
The plaintiffs assign two errors:
1st. The rejection of the deed from James to John Martin of 1835; and, 2d, the improper admission of the deed from John H. Martin to Nathan Pryor, which was objected to by the plaintiffs.
This deed was admitted to registration upon the certificate of the clerk of the county court, showing that it was duly proved by one of the subscribing witnesses, and that the handwriting of the other witness was proved.
It is objected that the certificate does not show that the witness whose handwriting was proved did not reside within the State.
*670 It is not necessaiy to decide whether or not the certificate should state this fact.
The deed might, at all events, be relied upon by the defendant to make out his defense under the statute of limitations. See Clark v. Chase, 5 Sneed, 636.
This defense was certainly complete under the proof, nearly twenty years adverse possession being shown.
This being so, even if the court erred in rejecting the deed of 1835, offered by the plaintiff upon the ground that it was thirty years old, yet the error did not affect the plaintiffs, because the deed is not shown to cover any of the land in controversy, if indeed it describes any land with sufficient certainty, and also because, as to the land adversely held by the defendants under their deed, the plaintiffs clearly have no title.
Affirm the judgment.